IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

              Plaintiff,

Vs.                                        No.  09-40048-01-SAC

OLLIE BROWN, JR.,

              Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the defendant Ollie Brown, Jr.'s affidavit of facts and "First Amendment Petition Article I for Redress of Grievances." (Dk. 100). Pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the defendant pleaded guilty to counts three and four and received a sentence of 120 months imprisonment on count three, and fifty months and 14 days on count four, to be served consecutively. (Dks. 85 and 96). The defendant did not file a direct appeal from his conviction and sentence. Though entitled a "First Amendment Petition," the plaintiff's pleading (Dk. 100) argues "exceptional circumstances that justify collateral relief under [28 U.S.C.] § 2255." (Dk. 100, p. 7).

The terms of 28 U.S.C. § 2255(f) impose a one-year limitation period for federal prisoners to file § 2255 motions. *United States v. Hurst*, 322 F .3d 1256, 1259 (10th Cir. 2003). "A movant must generally file a § 2255 motion within one year from the date [his] conviction becomes final."

*United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006); see 28 U.S.C. § 2255(f)(1) (The limitation period runs "from . . . the date on which the judgment of conviction becomes final."). Because the defendant did not file a direct appeal of his conviction or sentence, his conviction became "final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). The district court entered judgment on March 1, 2010; therefore, under the Federal Rules of Appellate Procedure, the defendant's judgment became final, 14 days later, March 15, 2010. See Fed. R.App. P. 4(b)(1)(A)(I). Thus, the one-year limitation period for the defendant's § 2255 motion expired March 15, 2011, but he did not file this petition until June 13, 2011, almost three months late.

The one-year statute of limitations is subject to equitable tolling but only "'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001)). The Tenth Circuit has observed:

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. . . . Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient

access to relevant law . . . is not enough to support equitable tolling. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted). The burden of proving that equitable tolling should apply rests with the petitioner. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 981 (1998). There is nothing in the plaintiff's petition to suggest any arguable circumstances for equitable tolling.[1]

Assuming the defendant is also seeking relief on alternative grounds to § 2255, the court will address the procedural bars to the defendant's petition. In the first six pages of his pleading, the defendant purports to invoke the First Amendment as his procedural and jurisdictional vehicle for seeking relief. Specifically, the defendant refers to the right "to petition the Government for a redress of grievances."

First, the defendant's First Amendment right to redress is not violated by the limitations bar applicable to his § 2255 claim. *See United*

---

[1] At different times, the petition repeats a hollow refrain of "actual innocence" to count three. A closer reading of the petition shows the defendant's only argument goes to whether his actions are sufficient to establish a substantial relation to interstate commerce in light of *United States v. Lopez*, 514 U.S. 549 (1995). As part of the factual basis of his guilty plea, the defendant agreed the firearms in counts three and four "had been shipped or transported in interstate or foreign commerce." (Dk. 85, pp. 12-13). This is sufficient for a conviction under § 922(g), and Congress has the authority under the Commerce Clause to prohibit possession of firearms that once traveled in interstate commerce. *See United States v. Campbell*, 603 F.3d 1218, 1221 n.1 (10th Cir.) (citations omitted), *cert. denied*, 131 S. Ct. 351 (2010). There are no arguments and specific factual disclosures of newly discovered evidence demonstrating actual innocence. There are no allegations that the offense conduct is no longer a crime.

*States v. Saunders*, 248 Fed. Appx. 967, 970 (10th Cir. 2007) (and cases cited therein).  Second, a motion under § 2255 is ordinarily the exclusive means for attacking a conviction unless the remedy provided by § 2255 is "inadequate or ineffective to test the legality of . . . detention."  28 U.S.C. § 2255(e); *see Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), *cert. denied*, 541 U.S. 990 (2004); *Pope v. Booker*, 113 F.3d 1246, 1997 WL 291182 at *1 (10th Cir. 1997).  The Tenth Circuit recently said:

> The preferred method of challenging a federal conviction or sentence, however, is by filing a motion under § 2255 in the district court where sentence was imposed. Indeed, a prisoner is not authorized to apply for a writ of habeas corpus if the sentencing court has denied relief under § 2255 "unless … the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." Id. § 2255(e).

*Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 997 (2011).  "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Id*. The defendant's motion is devoid of any argument that even approaches such a showing.  The defendant cannot avoid these procedural hurdles by labeling his pleading as a "First Amendment petition."  *See Brown v. United States*, 413 Fed. Appx. 514, 2011 WL 240693 at *516 (3rd Cir. 2011).  The defendant must pursue his relief through these established remedies, and "nothing in the First Amendment entitles him to any legal relief." *United States v. Olson*, 2010 WL 5137415 at *2 (D. Minn. 2010).

IT IS THEREFORE ORDERED that defendant's petition for relief pursuant to the First Amendment and 28 U.S.C. § 2255 (Dk. 100) is denied.

Dated this 2nd day of August, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge