IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                            Case No. 09-40048-01-SAC

OLLIE BROWN, JR.,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the defendant Ollie Brown, Jr.'s motion for appointment of counsel. (Dk. 105). Mr. Brown pled guilty to two counts of being a felon in possession of a firearm and, pursuant to a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C), received a sentence of 120 months of imprisonment on count three, and fifty months and 14 days on count four, to be served consecutively. (Dks. 85 and 96). He took no direct appeal but later filed a motion for relief under 28 U.S.C. § 2255 that was denied as untimely. (Dk. 101). Mr. Brown now seeks counsel arguing that the Supreme Court's recent decision of *Alleyne v. United States*, ---U.S.---, 133 S. Ct. 2151 (2013), applies to him and establishes a violation "of my 5, 6, and 8 amendments." (Dk. 105).

For Mr. Brown to pursue his claim that *Alleyne* applies to him, he must file a second or successive motion for relief under 28 U.S.C. § 2255, and

1

this requires authorization first from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2255(h). Mr. Brown's filing that seeks counsel does not state that he has sought certification, and the record does not show that he has requested certification.

Mr. Brown "has no constitutional right to counsel to pursue habeas corpus relief" and "has failed to show any basis that the appointment of counsel would assist him in establishing one of the two grounds for authorizing a second or successive § 2255 motion." *United States v. Martinez*, 507 Fed. Appx. 815, 816, 2013 WL 203604 at \*1 (10th Cir. Jan. 18, 2013) (citations omitted). Mr. Brown's motion appears to presume that *Alleyne* is applicable as a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The Tenth Circuit, following the Seventh Circuit, has held that the new rule in *Alleyne* has not been made retroactive. *In re Payne*, ---F.3d---, 2013 WL 5200425 at \*1 (10th Cir. Sept. 17, 2013) (citing *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013)); *see United States v. Ailsworth*, 2013 WL 4011072 (D. Kan. Aug. 6, 2013).1 Thus, Mr. Brown is not authorized to bring a

---

1 Even assuming *Alleyne* had been made retroactive, Mr. Brown's sentence is not subject to the ruling in that case. Mr. Brown points to no facts that increased the range of penalties in his case. The court sentenced Mr. Brown pursuant to a Rule 11(c)(1)(C) plea agreement in which he received a statutory maximum sentence on one count and a lesser sentence on the other count, as parties had requested and the court accepted. Thus, the presentence report did not calculate any guideline sentencing ranges for this case, and the

successive § 2255. Having provided no arguable basis for counsel being able to assist him in establishing one of the grounds for a second or successive § 2255 motion, Mr. Brown's request for appointment of counsel is denied.

IT IS THEREFORE ORDERED that the defendant Ollie Brown, Jr.'s motion for appointment of counsel (Dk. 105) to pursue a second or successive motion under 28 U.S.C. § 2255 is denied.

Dated this 3rd day of October, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

court did not make any findings of fact that increased a mandatory minimum. By accepting the parties' agreement and imposing the sentences accordingly, the court did not violate any Sixth Amendment rights discussed in *Alleyne*. See *Payne*, 2013 WL 5200425 at *2 n.1.